United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-61629-Civ-Scola |
| Amy Osterwise, Defendant. | ) | |

**Order Denying Motion to Dismiss**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") brings this action, asserting a single count for declaratory relief as to its rights and duties under an insurance policy ("Policy") issued by it to the Defendant Amy Osterwise ("Osterwise"). (ECF No. 1.) Now before the Court is a motion to dismiss filed by Osterwise under Federal Rule of Civil Procedure 12(b)(6). (the "Motion," ECF No. 8.) After reviewing the parties' submissions and the applicable law, the Court **denies** the Motion as follows.

**1. Factual Background**[1]

On January 24, 2017, Osterwise was involved in a car accident, causing injuries to her. (ECF No. 1 at ¶ 7.) Although the operator of the other vehicle was covered by liability insurance, Osterwise claimed the amount of coverage under that policy did not fully compensate her for losses and damages sustained. (*Id.* at ¶ 8.) So Osterwise filed a claim under her Policy with State Farm for $100,000. (*Id.* at ¶ 9.) At the time of the accident, however, Osterwise had rejected in writing all forms of uninsured or underinsured motorist coverage under the Policy and paid no premium for same. (*Id.*) Thus, State Farm denied the requested payment. (*Id.* at ¶ 11.)

On those facts, State Farm asserts one claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that "there is no uninsured/underinsured motorist coverage under the Policy available to [Osterwise] for the claim arising from the automobile accident on January 24, 2017." (*Id.* at "WHEREFORE" clause.)

---

[1] The Court accepts as true the facts pled in the Complaint. *Cf. Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

Osterwise moves to dismiss under Rule 12(b)(6). The Motion is not a model of clarity. As best the Court can discern, Osterwise argues for dismissal under "principles of equity," claiming that allowing this case to proceed would improperly "deprive" Osterwise of both "her legal right to potentially choose her forum" and "her legal right to pursue a potential action at her own time and pace." (ECF No. 8 at p. 5.) Osterwise notes that she previously filed a complaint (the "First Case") in Florida state court seeking payment under the Policy, which was later removed to this Court and dismissed without prejudice when Osterwise failed to respond to a motion to dismiss filed by State Farm. (*Id.* at p. 3; ECF No. 9 at p. 2.) In the Motion, Osterwise also appears to argue that the requested declaration is premature because she is not presently pursuing an action for payment from State Farm under the Policy. (ECF No. 8 at p. 5.)

In response, State Farm asserts that an "actual controversy" exists between the parties, necessitating the requested declaration of rights under the Policy, (ECF No. 9 at pp. 6-7); and that the filing of this action is not impermissible forum shopping, (*id.* at pp. 7-9). Osterwise did not file a reply brief.

2. **Standard of Review**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3. **State Farm States a Claim for Declaratory Judgment**

The Court rejects Osterwise's suggestion that dismissal is required because she is not presently pursuing an action for payment under the Policy. Upon a request for a declaratory judgment, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "proper test of when an action for declaratory judgment presents a justiciable controversy is 'whether the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Safeco Ins. Co. of Am. v. Weissman*, No. 17-62032, 2018 WL 816827, at *1 (S.D. Fla. Feb. 9, 2018) (Scola, J.) (quoting *Arkema, Inc. v. Honeywell, Int'l, Inc.*, No. 2012-1308, 2013 WL 425576, at *4 (Fed. Cir. Feb. 5, 2013); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Here, the Motion establishes that Osterwise requested payment under the Policy and that State Farm disputes that the Policy entitles her to that payment. Further, Osterwise acknowledges she sued State Farm this year to enforce her purported right to payment, and may pursue a similar claim in the future. (ECF No. 8 at pp. 3, 5.) On those facts, the Court has no trouble finding this case presents "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Safeco*, 2018 WL 816827, at *1. The Motion is therefore denied on that ground.

The Court further finds no merit in Osterwise's argument that equity favors dismissal of this case so as to allow her to pursue a claim at her own pace in her chosen forum. First, there is no indication in the record that Osterwise objected to removal in the First Case and the Court will not entertain her complaint about a federal forum now. In any event, this case is brought by an Illinois citizen against a Florida citizen seeking a declaration of liability to pay $100,000. (ECF No. 1 at ¶¶ 2-5.) Thus, diversity jurisdiction under 28 U.S.C. § 1332 exists, which the Court is bound to exercise. *Cf. Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) ("Federal court have a 'virtually unflagging obligation to exercise the jurisdiction given to them.'") (citation and alteration omitted). In addition, both the First Action and this action were filed in Broward County, further underscoring the lack of prejudice to Osterwise in allowing this case to proceed. Put differently, equitable principles do not compel dismissal here.

**4. <u>Conclusion</u>**

In sum, the motion to dismiss (ECF No. 8) is **denied**. Osterwise shall answer the Complaint by **November 21, 2018**.

**Done and ordered,** in Chambers in Miami, Florida on November 7, 2018.

Robert N. Scola, Jr.
United States District Judge